UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARKIA BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 20-4 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Markia Bryant, a contractor at the U.S. Department of Veterans Affairs, filed this Federal Tort Claims Act suit against the United States alleging that a VA employee, George Jones, sexually harassed and assaulted her in the workplace. The Government moved to dismiss, correctly noting that this Court lacks subject-matter jurisdiction because the United States retains sovereign immunity from most FTCA-based intentional-tort claims. Apparently acknowledging the soundness of the Government's position, Plaintiff responded by seeking to amend her Complaint to recast her FTCA allegations in terms of negligence. As the Court finds that one of Bryant's new claims is not clearly barred, it will grant her Motion in part and deny it in part.

**I.     Background**

In recounting the facts, the Court assumes that those alleged in the proposed Amended Complaint are true. The events giving rise to this action occurred during Plaintiff's employment as a medical-supply technician at the VA Medical Center here in Washington. See ECF No. 13, Exh. 1 (First Am. Compl.), ¶¶ 4, 7. Bryant's direct employer was Calloway & Associates, which

staffed her at the Medical Center pursuant to a contract with the VA. Id., ¶¶ 7, 35. While there, Plaintiff alleges that George Jones, an employee of the VA, sexually harassed and assaulted her during work hours and on work premises. Id., ¶¶ 8–33. From June 2017 to January 2018, Bryant claims that Jones spoke to her with "sexual language," "ask[ed] [her] for sex . . . whenever he got her alone," "attempted to forcibly kiss [her] on the mouth" on an elevator, "slapped her butt" while waiting for an elevator, tried to follow her into private rooms, cornered her while demanding she "go out on a date with him," and otherwise "stalk[ed] and assault[ed]" her. Id. She alleges that this treatment caused her mental and emotional distress. Id., ¶ 40.

Bryant further alleges that the VA was aware of both Jones's propensity to engage in such conduct and the particular ongoing harassment itself. More specifically, she claims that the VA knew of his tendencies prior to contracting with Calloway, given his "documented history with the VA and the VA police of harassment, assault, and stalking male and female employees dating back to 2011." Id., ¶ 36. In addition, she alleges that she reported Jones's behavior to the VA police after the June 2017 sexual assault on the elevator, again after the July 2017 assault while waiting for the elevator, and generally through January 2018. Id., ¶¶ 18–19, 24–25, 27. Bryant alleges that she also informed various "VA supervisors and managers" of Jones's actions throughout this time. Id., ¶¶ 27, 31. The VA, however, took no action to protect her from this harm. Id., ¶¶ 19–21, 26, 32, 38–39.

In her initial Complaint, Plaintiff set forth FTCA counts for assault, battery, and negligence under a *respondeat superior* theory of liability. See ECF No. 1 (Compl.), ¶¶ 35–73. The Government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks jurisdiction to adjudicate intentional-tort claims against the United States, which includes negligence counts arising out of intentional torts. See ECF No. 11-1

(MTD) at 3–6 (citing FTCA's express bar on for "claim[s] arising out of assault [or] battery") (quoting 28 U.S.C. § 2680(h)).  "[I]n light of" Defendant's response, Plaintiff now seeks to amend her Complaint to "clarify and narrow her existing claims against Defendant . . . ."  ECF No. 13 (Mot. to Amend) at 1.  The proposed Amended Complaint now focuses solely on negligence, rather than on assault and battery.

Specifically, Count I asserts breach of two separate duties.  The first, which Bryant contends that the Government assumed before she started work at the VA, was to "warn the Plaintiff of, and protect the Plaintiff from, known and unknown dangers on its premises," as she was a "business invite[e]" of the VA.  See First Am. Compl., ¶¶ 43–44.  Bryant alleges that the Government breached this duty by "fail[ing] to notify Plaintiff or Plaintiff's employer of the numerous documented instances of assault, battery, harassment, and stalking by Jones dating back to 2011," id., ¶ 50, and that this failure to warn "caused the Plaintiff to become a victim of Jones."  Id., ¶ 52.  The second duty, which Bryant maintains that the Government assumed after she reported Jones's behavior, was to "take action to protect Plaintiff from further assaults, harassment, and stalking by Jones" in light of "[t]he VA's knowledge . . . that Jones had specifically targeted Plaintiff . . . ."  Id., ¶ 45.

Although it contains some of the same language as Count I, Count II largely centers around the Government's negligent training, hiring, supervision, and retention of Jones.  Id., ¶¶ 54–66.  Count III also boils down to a negligent-supervision and -retention claim.  Id., ¶¶ 67–71 (focusing on "inherent risk and great danger associated with retaining Jones as an employee" and "fail[ure] . . . to discipline and/or terminate Jones") (emphasis added).

The Government opposes the Motion to Amend, positing that the proposed counts cannot proceed as a matter of law.  See ECF No. 16 (Def. Reply) at 4–7.

3

**II.      Legal Standard**

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, she must seek consent from the defendant or leave from the court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Under Rule 15, furthermore, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the amendment is facially infirm, courts need not grant leave. See In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

**III.     Analysis**

The Court first sets out the legal framework and then applies it to the new claims here.

A.     Legal Framework

The parties agree that the Court lacks subject-matter jurisdiction over tort claims brought against the United States insofar as the Government has not waived its sovereign immunity from suit. Under the FTCA, the Government retains immunity for "any claim arising . . . out of" most intentional torts committed by its employees. See 28 U.S.C. § 2680(h). The question here is whether Bryant's negligence claims against the Government "arise out of" the intentional torts committed by Jones. This is not easily answered.

Initially interpreting the statute, a plurality of the Supreme Court urged a broad reading of the "arise out of" provision, arguing that claims "that sound in negligence but stem from a battery" remain barred. United States v. Shearer, 473 U.S. 52, 55 (1985) (plurality opinion). But three years later, the Court backtracked. After discussing, but not deciding, whether negligence that results in an intentional tort "arises out of" that tort, the Court settled on a narrower holding: that "the negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of [the intentional tortfeasor's] employment status." Sheridan v. United States, 487 U.S. 392, 398–400, 401 (1988). In other words, Government negligence resulting in the commission of an intentional tort by an employee does not "arise out of" that tort when the "basis for Government liability" — that is, the Government's duty — is completely unrelated to the fact that the tortfeasor is an employee. Id. at 402 ("Indeed, in a case in which the employment status of the assailant has nothing to do with the basis for imposing liability on the Government, it would seem perverse to exonerate the Government because of the happenstance that [the intentional tortfeasor] was on a federal payroll.").

5

In the intervening decades, courts have interpreted Sheridan to mean "that negligence claims related to a Government employee's § 2680(h) intentional tort may proceed where the negligence arises out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States." Bodin v. Vagshenian, 462 F.3d 481, 488–89 (5th Cir. 2006) (quoting Leleux v. United States, 178 F.3d 750, 757 (5th Cir. 1999)) (internal quotation marks omitted); see also Franklin v. United States, 992 F.2d 1492, 1498 (10th Cir. 1993) ("[W]hen a negligence claim against the government . . . is in no way contingent on the perpetrator's federal employment status, i.e., when the government's liability is based on its breach of a duty owed the victim that is independent of its relationship, if any, to the perpetrator, [§] 2680(h) does not bar recovery under the FTCA.").

To illustrate, in Bembenista v. United States, 866 F.2d 493 (D.C. Cir. 1989), the plaintiff was a patient in a Government hospital where she was assaulted by an attending medical technician. Id. at 495. The D.C. Circuit found that her negligence suit against the Government was not barred by § 2680(h) because the duty it breached under D.C. law was "to a hospital patient to whom it owed a special obligation of protective care." Id. at 497. This duty required the Government to protect patients from harm by any actor — not only by its own employees — so the negligence claim did not "arise out of" an assault committed by an employee within the meaning of § 2680(h). Id. at 498. That is, the Government would have been liable even had Bembenista been assaulted by someone who had wandered in off the street. Similarly, in Stout v. United States, 721 F. App'x. 462 (6th Cir. 2018), the plaintiff alleged that he was sexually assaulted by a nurse while a patient at a Government hospital. Id. at 464. The Sixth Circuit found no bar to a negligence claim where Government employees failed to report the

6

assault, thus violating a duty under Ohio law to report felonies to law enforcement. Id. at 469–70. There, too, the duty did not depend on the employment status of the assailant.

B.     Application

Given that the description of the asserted duties here are intermingled among Plaintiff's three counts, the optimal course is to analyze Bryant's claims by duty rather than by count. She asserts the breach of two distinct duties.

The first was to "warn the Plaintiff of, and protect the Plaintiff from, known and unknown dangers on its premises" by "notify[ing] Plaintiff or Plaintiff's employer of the numerous [previously] documented instances of assault, battery, harassment, and stalking by Jones." First Am. Compl., ¶¶ 44, 50, 56. Because Bryant frames this duty as independent of the employment status of any such dangers — i.e., such a duty would apply equally to lead in the drinking water or slippery floors — a negligence claim based on breach of this duty is not necessarily barred by § 2680(h). The Court makes no finding as to whether Bryant's claim runs afoul of other parts of the FTCA or, indeed, whether such a duty exists under D.C. law at all. Rather, because the duty does not relate to Jones's employment by the Government, the Court cannot say at present that dismissal under Rule 12(b)(1) would clearly be appropriate. This claim in Count I, accordingly, may proceed.

The second duty allegedly breached was to "take action to protect Plaintiff from further assaults, harassment, and stalking by Jones" by better supervising or disciplining him. Id., ¶¶ 45, 49, 59, 61–63, 70 (suggesting duty to "transfer, discipline, or terminate" Jones, "ensure Jones'[s] behavior did not worsen," "supervise" Jones, or "investigate, or in any way attempt to prevent Jones from having unfettered access to Plaintiff in her workplace"). Bryant's claims based on breach of this duty are barred under the prevailing understanding of § 2680(h). Negligent-

supervision and -retention claims are not independent of the tortfeasor's employment status; indeed, they are inextricably linked with it.  Were the tortfeasor not employed by the Government, it would have no obligation to supervise him.  As any claim regarding the Government's failure to supervise Jones in order to protect Bryant "arises out of" the intentional torts he committed, the FTCA bars suit.  See 28 U.S.C. § 2680(h).  Courts across the country have relied on this reasoning to uniformly reject similar claims.  See Def. Reply at 6–7 (listing cases); see also Hevener v. United States, No. 17-2577, 2019 WL 367917, at *3 (D.D.C. Jan. 30, 2019) (explaining why similar claims must be dismissed).  This part of the proposed Count I thus is deficient, as are Counts II and III.

In permitting amendment, the Court notes that the United States remains the sole Defendant, as only that entity can be sued under the FTCA.  See 28 U.S.C. §§ 1346(b)(1), 2679(a); Shipley v. Bureau of Prisons, 729 F. Supp. 2d 272, 275 n.4 (D.D.C. 2010); Def. Reply at 3–4.  To the extent Plaintiff seeks to add the VA as a party, then, the Motion will be denied.

## IV.  Conclusion

For the reasons above, the Motion to Amend will be granted with respect to the pleaded duty in Count I to warn Plaintiff of danger but it will otherwise be denied.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  October 8, 2020