UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARKIA BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 20-4 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Markia Bryant worked as a medical-supply technician for a contractor at the U.S. Department of Veterans Affairs. Her time there was allegedly marred by repeated incidents of sexual assault and harassment by a VA employee, George Jones. Bryant alleges that, although the VA knew that Jones had a history of sexually harassing employees, it did not warn her of the risk he posed prior to her arrival. She asserts that this failure to warn constitutes negligence on the part of the United States under the Federal Tort Claims Act. The Government now moves for judgment on the pleadings, contending that this Court lacks jurisdiction over the claim because the decision not to warn Bryant falls within an exception to the FTCA's waiver of sovereign immunity. With the parties' blessing, the Court considers the Motion as one for summary judgment, which it will grant.

**I.    Background**

As it must at this stage, the Court sets out the record facts in the light most favorable to Plaintiff. See Talavera v. Shah, 638 F.3d 303, 308 (D.C. Cir. 2011). In this case, however, that largely means accepting the facts pled in the Amended Complaint as true, as well as considering

1

certain undisputed documentary evidence submitted by the parties. According to her Amended Complaint, Bryant was hired by the VA as a contractor through Calloway and Associates. See ECF No. 21 (Am. Compl.), ¶ 4. During her employment there, she was subjected to sexual harassment and assault at the hands of Jones, a VA employee, while at work and on work premises. Id., ¶¶ 7–9, 23–32, 38–42, 44–46, 50. From June 2017 to February 2018, Jones "ask[ed] Plaintiff out on dates," "made sexual advances," "us[ed] sexual language," "proposition[ed] Plaintiff for sex," "attempted to forcibly kiss Plaintiff" while they were alone in an elevator, "slapped her butt," and otherwise stalked and harassed Bryant. Id. Plaintiff reported these incidents to the VA, but it took no actions to protect her. See, e.g., id., ¶¶ 33–41.

Bryant further alleges that the VA knew of Jones's misconduct prior to the beginning of her contract. Id., ¶¶ 10–21, 63. Despite this, Plaintiff says, "The USA took no steps to warn or protect Plaintiff from Jones." Id., ¶ 22. That failure to warn serves as the basis for the single negligence count alleged in the Amended Complaint. Id., ¶¶ 59–74. That is so because this Court previously rejected earlier iterations of the Complaint that included intentional-tort claims and accusations of negligent training, hiring, supervision, and retention of Jones. See Bryant v. United States, 2020 WL 5969241 (D.D.C. Oct. 8, 2020).

Perhaps encouraged by its relative success on its Motion to Dismiss, the Government now unlimbers a Motion under Federal Rule of Civil Procedure 12(c). Its Motion for Judgment on the Pleadings argues that the Federal Tort Claims Act's discretionary-function exception deprives this Court of jurisdiction over Plaintiff's failure-to-warn claim. See ECF No. 36-1 (Def. MJP). In a scheduling conference following the completion of briefing, the parties agreed that the Court may treat this Motion as one for summary judgment given that they desire the

consideration of certain documents outside the pleadings.  See Minute Order of July 5, 2022.  The Court accepts the invitation.

**II.     Legal Standard**

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Liberty Lobby, 477 U.S. at 248; see also Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  Liberty Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence."  Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent

evidence, setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant is required to provide evidence that would permit a reasonable jury to find in her favor. Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249–50 (citations omitted).

### III.   Analysis

Plaintiff's sole count here invokes the FTCA. That Act waives the federal government's sovereign immunity over tort claims when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Act's waiver, however, is subject to a number of exceptions, including what is known as the discretionary-function exception. See 28 U.S.C. § 2680. In seeking summary judgment here, the Government maintains that this exception applies and thus acts as a "barrier to subject matter jurisdiction." Loughlin v. United States, 393 F.3d 155, 162 (D.C. Cir. 2004) (citing Cope v. Scott, 45 F.3d 445, 448 (D.C. Cir. 1995)); see Def. MJP at 3–10.

The discretionary-function exception limits the FTCA's waiver of sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). To determine whether an act or omission qualifies as a discretionary function within the exception's ambit, the Supreme Court has established a two-part test. See United States v. Gaubert, 499 U.S. 315, 322–23 (1991). The first prong examines whether "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Id. at 322 (citation omitted). Where one does, "the employee has no

rightful option but to adhere to the directive[,] . . . and [f]ailure to abide by such directives opens the United States to suit." Loughlin, 393 F.3d at 163 (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). When no such policy exists, conversely, and "the challenged conduct involves an element of judgment," id. — *i.e.*, the act is discretionary — courts move to the second step, which asks "whether the challenged discretionary act or omission is 'of the nature and quality that Congress intended to shield from tort liability.'" Id. (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984)). The exception protects only those actions "based on considerations of public policy" because its purpose "is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. (quoting Gaubert, 499 U.S. at 323).

The first question here, consequently, is whether the VA's failure to warn Plaintiff of the risk Jones posed was a discretionary decision or not. Even if it was, the Court must next determine if that decision was based on considerations of public policy.

Before moving to those inquiries, however, the Court addresses one preliminary matter. As an alternative to denying the Government's Motion, Plaintiff has requested leave "to conduct discovery into the Defendant's workplace violence polices as permitted by [another court in this district] in Wesberry[v. United States, 205 F. Supp. 3d 120 (D.D.C. 2016)]." ECF No. 39 (Pl. Opp.) at 9. That is necessary, she contends, to determine whether the VA requires its employees to warn newcomers of dangers posed by individuals with a history of sexual harassment. Id. If that is the case, then no discretion would be involved, and the Motion should be denied. As Defendant points out, however, that ship has already sailed inasmuch as Plaintiff has had this opportunity. See ECF No. 40 (Def. Reply) at 1, 9–12. Indeed, Bryant has previously requested

5

descriptions of the VA's "policies and procedures for protecting employees from sexual harassment, assaults and threats by VA employees." Id. at 10 (quoting ECF No. 40-1 (Def. Answers to Interrogatories) at ECF pp. 3–4). And Plaintiff has not only requested but received the VA's relevant policies. Id. The Court thus sees no need to grant Plaintiff a second voyage on these seas.

Turning then to the first Gaubert inquiry: does a statute or policy "specifically prescribe[] a course of action for an employee to follow"? See 499 U.S. at 322. To win on this prong, Bryant must put forth evidence of a policy that requires the VA to warn employees or contractors of threats posed by other employees. She attempts to do so by pointing to guidance from the Office of Personnel Management that directs agencies to develop policies to address and prevent domestic violence, sexual assault, and stalking. See Pl. Opp. at 7–9 (citing, among others, Office of Personnel Management 2012 Guidance, available at https://bit.ly/3azoDlB). The OPM policy does not, however, create any mandate for VA employees. Bryant acknowledges, furthermore, that she does not have a binding policy from the VA instructing its employees to warn of potential danger. Id. at 9. Although she contends that this is because the VA has not produced it, id., the Government attests that it has provided her with the relevant policies in response to her interrogatories. See ECF No. 40 (Def. Reply) at 6. The Court, consequently, concludes that no binding policy exists. Because Plaintiff has "failed to cite any regulation or policies that prescribed a nondiscretionary duty to warn," the Government's action, under the first prong of the Gaubert test, was discretionary. Loughlin, 393 F.3d at 163.

To fall within the exception's ambit, a decision must be not only discretionary but also "based on considerations of public policy." Id. (quoting Gaubert, 499 U.S. at 323). Defendant contends that its decision not to warn Plaintiff about Jones's history of sexual harassment

6

satisfies this standard because it involved "public policy considerations in protecting one employee's privacy versus protecting a contractor's safety." Def. MJP at 8. "Determining whether a decision is [based on considerations of public policy] is admittedly difficult, since nearly every government action is, at least to some extent, subject to 'policy analysis.'" Cope v. Scott, 45 F.3d 445, 448 (D.C. Cir. 1995). Courts have, nonetheless, generally found decisions that involve "political, social, and economic judgments" to fit the bill. Berkovitz, 486 U.S. at 539.

Whether a decision not to warn an individual of the potential danger posed by another employee involves such judgments appears to be unresolved in this Circuit. The Ninth Circuit, however, has several times "held the hiring, supervision, and training of employees to be discretionary acts" that satisfy Gaubert's second prong. See Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009) (collecting cases). In fact, when applying the very similar Foreign Sovereign Immunities Act's discretionary-function exclusion in a case in which the Vatican decided not to warn individuals coming into contact with an employee with a history of sexual abuse, that court held that the Gaubert test was satisfied. Id. at 1084–85. It concluded that "the decision . . . whether to warn about [the employee's] dangerous proclivities [was] the type of discretionary judgment[] that the exclusion was designed to protect." Id. at 1084.

The Eighth Circuit, too, has found similar decisions not to warn to fall within the exception. In Hinsley v. Standing Rock Child Protective Services, 516 F.3d 668 (8th Cir. 2008), for example, that court held that the FTCA shielded the government from liability for its decision not to warn a woman that an individual placed into her home had a history of child abuse. Id. at 673. "[T]he decision to warn is, at its core, a policy decision," that court said, and because the challenged judgment "involve[d] an effort to balance the interest in maintaining the

confidentiality of [the individual's] past actions against the safety concerns that arise from placing a known sexual abuser in a home filled with children," it satisfied Gaubert's second prong. Id.; see also Croyle ex rel. Croyle v. United States, 908 F.3d 377, 381–82 (8th Cir. 2018) (similarly finding decision not to warn families of priest's history of sexually abusing children was "susceptible to policy analysis").

Although those cases are not binding, the Court finds the circuits' reasoning persuasive. The decision about whether to warn Plaintiff of the risk Jones posed is the sort of employment decision courts are not intended to second-guess. See Loughlin, 393 F.3d at 164. Such determination required the VA to weigh, among other things, his right to privacy, the VA's needs as an employer, and the safety of contractors and others coming into contact with Jones. That those "social, economic, or political policy considerations" were at play renders this decision "the kind of judgment that the discretionary[-]function exception was designed the shield." Doe, 557 F.3d at 1085. This Court, accordingly, lacks jurisdiction over Plaintiff's failure-to-warn claim.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings will be granted. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 13, 2022

8